IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| MICHAEL F. CRONIN, | ) | |
| | ) | No. 33062-1-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CENTRAL VALLEY SCHOOL | ) | UNPUBLISHED OPINION |
| DISTRICT, | ) | |
| | ) | |
| Respondent. | ) | |

FEARING, J. — This appeal tells the story of Sally's Choice. Michael Cronin's union representative, Sally McNair, demanded a hearing to challenge Cronin's discharge from employment, but she hesitated in selecting one of two procedural options available to Cronin. The options were an appeal pursuant to a Washington statute or a grievance hearing pursuant to a collective bargaining agreement. Because of this hesitation, Cronin's employer, Central Valley School District, claims Cronin cannot exercise either choice. The school district also contends McNair lacked any authority to request either procedure on behalf of Cronin. The trial court agreed with the school district's choice argument and dismissed Cronin's suit to compel the school district to participate in a

statutory proceeding to determine the validity of his discharge from employment. We reverse and remand for entry of an order compelling the school district to participate in the statutory hearing.

## FACTS

Because the superior court disposed of this case on summary judgment, we rely on declarations when framing our statement of facts. Appellant Michael Cronin was a tenured school teacher. For seven years, he taught business classes at University High School, a school within Spokane's Central Valley School District. Cronin received high performance evaluations from the school district.

Michael Cronin is a member of the Central Valley Education Association, the teachers' union for the Central Valley School District. Under the collective bargaining agreement between the school district and the education association and under statute, Cronin's employment contract automatically renewed from school year to school year unless the school district gave notice of nonrenewal by May 15 for the upcoming school year. A Washington statute establishes criteria by which a school district may refuse renewal of a contract for performance deficiencies.

The Central Valley School District collective bargaining agreement contained other provisions relevant to this appeal. Under the Employee Rights Section of the agreement, "the private and personal life of any employee is not within the appropriate concern or attention of the District except when it affects the employee's ability to fulfill

2

the terms of the employee's contract." Clerk's Papers (CP) at 74. The bargaining agreement demanded opportunities for the teacher to correct work deficiencies before a discharge. The agreement read concerning discipline, termination, or nonrenewal:

> ### Section E - Right to Due Process
> No certificated employee shall be reprimanded, disciplined, or reduced in rank or compensation without just cause. Any such reprimand, discipline, or reduction in rank or compensation shall be subject to the grievance procedure hereinafter set forth, PROVIDED, however, that in cases of nonrenewal, discharge, or actions which adversely affect the employee's contract status, the employee shall select the statutory procedures or the grievance procedure. In the event the employee serves notice to the Board that he/she is appealing the Board's decision according to the statutory provisions, such cases shall be specifically exempted from the grievance procedure.
>
> When an allegation is made against an employee, the District shall conduct a preliminary investigation and inform the employee that an allegation has been made. The employee has a right to a meeting regarding the allegation(s). The employee further has the right, upon request, to have an Association representative present.

CP at 5. The language in the first paragraph of Section E concerning the selection between the statutory procedures or grievance procedure is the key bargaining agreement provision for purposes of this appeal.

In August 2010, police arrested Michael Cronin for physical control of a vehicle while under the influence of alcohol. He admits having drank alcohol, but denies earlier driving the vehicle. He stood outside the car, while the owner of the car left to attend to some business. The owner left the keys inside the car. Upon his arrest, authorities released Cronin on condition he undergo twice weekly urinalyses until trial on the charge.

The charge lingered for more than one year. Cronin taught through the 2010-11 school year without incident.

On August 29, 2011, Central Valley School District placed Michael Cronin on paid administrative leave. The school district did not inform Cronin of the reason for the leave, but instructed him to remain available for interviews during an investigation of Cronin's conduct.

Michael Cronin decided to attend a residential alcohol treatment program in Selah. He recognized an alcohol problem, although he denied drinking alcohol at school or the alcohol impacting his teaching performance. Cronin wished to preserve his employment with the school district. He therefore informed school district Assistant Superintendent for Human Resources and Operations Jay Rowell and High School Principal Daryl Hart that he voluntarily enrolled in alcohol treatment. Cronin notified the two administrators that he could return to work at any time and he would cooperate with any investigation.

On September 28, 2011, Michael Cronin pled guilty to physical control of a vehicle while under the influence of alcohol. The court sentenced him to one hundred twenty days confinement at Spokane's Geiger Corrections Center. The court allowed Cronin to undergo alcohol treatment before serving his sentence. Cronin thereafter successfully finished his one month treatment and received credit toward his sentence for time spent in treatment.

On October 28, 2011, Michael Cronin commenced serving the remainder of his

4

sentence at Geiger Corrections Center. The prison granted him work release privileges. In a declaration for this suit, Cronin averred that he advised the school district of his ability to teach while at the corrections center.

On November 18, 2011, Central Valley School District Assistant Superintendent Jay Rowell sent Michael Cronin a letter informing him of a mandatory meeting on November 22 at the school district office. Geiger Corrections Center granted Cronin leave to attend the meeting. Cronin's union representative, Sally McNair, also attended. McNair's duties included assisting union members with performance issues, disciplinary proceedings, and grievances. In a declaration, McNair stated that she was often asked to act on behalf of a union member regarding appeals from discharges and grievances. She does not disclose the details of the requests or whether she granted a request.

Michael Cronin averred in a declaration that he authorized Sally McNair to speak with the school district and "act on [his] behalf for all purposes in dealing with the District." CP at 34. He does not indicate if he granted this authority before the school district served him a notice of discharge and nonrenewal. He does not specify whether he informed the school district of the bestowment of authority. In her declaration, Sally McNair testified that the school district knew she represented Michael Cronin regarding his placement on administrative leave and the district's investigation of Cronin. McNair's basis for testifying to the school district's knowledge was McNair's direct contact with the school district on behalf of Cronin.

5

During the November 22 meeting, Jay Rowell asked Michael Cronin of his current residence, the reason for residing at the residence, and any pending legal issues. Cronin answered the questions. At this meeting, Cronin discussed his battle with alcoholism, but insisted the disability did not impact his work performance. Cronin agreed to provide the school district with documentation confirming his successful completion of alcohol treatment and his work release authorization from Geiger.

In a November 22, 2011 e-mail message to Jay Rowell, Michael Cronin politely repeated the answers given during the November 22 meeting. In the message, Cronin reiterated his availability to teach.

On December 8, 2011, school district representatives met with Michael Cronin at Geiger Corrections Center. Cronin's union representative Sally McNair attended the meeting. During the meeting, the school district notified Cronin of its intention to terminate his employment unless he resigned from employment within one week. On December 15, 2011, school district representatives returned to Geiger for another meeting. According to Cronin, he told the school district he would not resign and that he could return to his teaching position upon his release from Geiger Corrections Center on January 16, 2012. School district officials deny that Cronin told them of the date of his release from jail.

On January 6, 2012, Michael Cronin received from Central Valley School District Superintendent Ben Small, via certified mail, a "Notice of Probable Cause for Discharge

and Nonrenewal Pursuant to RCW 28A.405.210 and RCW 28A.405.300." CP at 40. The

notice alleged:

> 1. You have conducted yourself in a manner unbecoming of a teacher employed by Central Valley School District;
> 2. You have engaged in a pattern of misconduct that includes several alcohol or substance abuse related incidents (at least one of which resulted in your incarceration and others which resulted in your inappropriate and exploitive conduct toward students and others);
> 3. Your pattern of behavior and the notoriety of your behavior reflects negatively on your ability to perform your job and has a substantial negative impact on your ability to do your job;
> 4. You have not been available for work and failed to notify the District of that fact;
> 5. You continue to be unavailable for work;
> 6. You have not been forthcoming with the District regarding behavior that is job-related and that substantially negatively impacts your ability to do your job.

CP at 40. The notice recognized Sally McNair as Michael Cronin's union representative.

The notice informed Cronin of a ten-day deadline, under Washington statute, to request a

statutory appeal from the discharge and nonrenewal. The school district notice warned

Cronin that he must demand any appeal "in writing" and file it with the school district.

Note that the school district informed Michael Cronin of both discharge from

employment and nonrenewal of his contract for the 2012-13 school year. Although

discharge and nonrenewal are distinct acts, our analysis remains the same for each act

and we will collectively refer to both as a "discharge." Presumably a valid discharge

automatically leads to a nonrenewal of next year's contract.

Remember that, in alternative to a statutory appeal of the employment dismissal, the collective bargaining agreement between the Central Valley School District and the Central Valley Education Association afforded Cronin thirty working days to file a grievance over his discharge. The school district notice did not prompt Cronin about this option.

Because of his incarceration, Michael Cronin could not readily contact union representative Sally McNair. Cronin spoke with friend Terri Anderson and directed her to immediately notify McNair of the termination notice and instruct McNair to appeal his termination. Anderson complied, telephoned McNair, and requested she take "whatever steps were necessary to represent him [Cronin] and preserve his job since he was not in a position to do so from the confines of Geiger." CP at 74.

On January 11, 2012, union representative Sally McNair hand delivered, to Central Valley School District Superintendent Ben Small, a request for a statutory hearing on Michael Cronin's discharge. The request read:

> I have received the Notice of Probable Cause for Termination of Mike Cronin's employment dated January 5th, 2012. Pursuant to RCW 28A.405.300 and .310, I am requesting a closed hearing on Mr. Cronin's behalf to determine whether there is sufficient cause for such adverse action. Until counsel has been appointed, I will serve as Mr. Cronin's nominee for a hearing officer.
> Due to the lack of access to Mr. Cronin, I will also be filing a grievance in order to preserve timelines to both procedures. It is clear the contract requires an election of remedies and it is not our intent to pursue both options, only to allow time to consult with Mr. Cronin so he can determine his desired path. We anticipate notifying the District on or

8

> before February 10th, 2012 as to Mr. Cronin's decision to pursue either the statutory hearing or the grievance. At that time, either this request or the grievance will be withdrawn.

CP at 93. McNair, not Michael Cronin, signed the letter. McNair's attempt, in the January 11 letter to reserve the option for Cronin to pursue the grievance, looms large in this suit.

Sally McNair's January 11 letter referenced Cronin's termination from employment, but not the nonrenewal of his teaching contract. Before the trial court, the school district noted McNair's failure to mention the nonrenewal of the contract in her letter. On appeal, the school district does not contend that Michael Cronin never challenged nonrenewal of the teaching contract.

On receipt of Sally McNair's letter on January 11, school district Superintendent Ben Small concluded that McNair's letter was not a written request by Michael Cronin for a statutory hearing under chapter 28A.405 RCW for either the discharge or nonrenewal actions. Therefore, Small did not respond to the letter. Small did not inform Sally McNair or Michael Cronin that he considered McNair's letter wanting.

On January 16, 2012, Michael Cronin left Geiger Corrections Center. He then discovered that the school district had cancelled his pay and benefits, both of which should have continued upon his request for a statutory hearing.

On February 8, 2012, Central Valley Education Association representative Sally McNair e-mailed Central Valley School District Assistant Superintendent Jay Rowell:

9

As a follow-up to my letter from January 11th, 2012, this email is to provide you written notice that Mr. Cronin has decided to pursue the statutory hearing as described in RCW 28A.405.300 as his election of remedy for the notice of probable cause for discharge. He will not be utilizing the grievance procedure.

CP at 94. Neither McNair nor Cronin filed a grievance under the collective bargaining agreement. The school district did not respond to McNair's February 8 correspondence.

On February 21, 2012, Michael Cronin's attorney, Larry Kuznetz, contacted Central Valley School District's attorney, Paul Clay, to ascertain why the school district discontinued Cronin's pay and benefits. Kuznetz believed the school district ceased payment by accident. Clay forwarded the letter to Assistant Superintendent Jay Rowell the next day. Rowell maintains that he called Sally McNair on February 22 and informed her that the school district did not consider her January 11 letter of appeal as a proper request, that the school district terminated Michael Cronin in January, and that Cronin was no longer entitled to pay or benefits. McNair denies receiving a call from Rowell any time after she served the notice of appeal on Superintendent Ben Small.

On February 21, 2012, Central Valley School District Superintendent Ben Small penned a letter to union representative Sally McNair. McNair received the letter on February 28. The correspondence read:

Thank you for your correspondence dated January 11, 2012. Any appeal of a Notice of Probable Cause under RCW 28A.405.300 and RCW 28A.405.210 must be undertaken by the employee who receives the Notice. Since you are not the employee who received the Notice, your correspondence does not constitute a valid appeal. Further, your

10

correspondence does not mention and thus does not constitute an appeal of the Notice of Probable Cause for Mr. Cronin's Nonrenewal.
The employee here, Mr. Cronin, did not timely appeal the Notice of Probable Cause for Discharge or Nonrenewal and thus he has waived his right to a statutory hearing under RCW 28A.405.210 and 28A.405.300. As such, his employment with the District has been terminated.

CP at 95.

## PROCEDURE

On March 23, 2012, Michael Cronin filed a declaratory judgment action against the Central Valley School District. He sought to compel the school district to participate in a statutory hearing to address the merits of his discharge from employment and nonrenewal of his teaching contract. He also requested back wages with interest and double damages for the school district's willful withholding of his salary between the time of discharge and the statutory hearing. Among other arguments, the school district contended that, under RCW 28A.645.010, Michael Cronin untimely sued because he did not sue for his employment dismissal within thirty days of Superintendent Ben Small's January 6, 2012 notice of discharge and nonrenewal.

The Central Valley School District and Michael Cronin sought a summary judgment order in each's respective favor. The trial court granted the school district's motion and dismissed Cronin's suit. The trial court reasoned that it lacked subject matter jurisdiction. On March 13, 2014, by unpublished opinion, this court reversed the trial court and remanded for further proceedings. We additionally observed:

11

The parties briefed whether Ms. McNair was a proper representative of Mr. Cronin and whether the District improperly withheld wages from Mr. Cronin. Because we hold the summary dismissal of Mr. Cronin's request for declaratory relief was improper and remand for a determination on the merits, we leave these matters for trial court resolution.

CP at 28.

On remand, the parties filed cross motions for summary judgment again. Michael Cronin asked the court to rule as a matter of law that: (1) Sally McNair was his authorized representative for the purpose of requesting a statutory hearing, (2) the school district improperly terminated Cronin's salary and benefits without due process, and (3) the school district had not followed the collective bargaining agreement's evaluation and probation requirements before issuing a notice of probable cause for discharge or nonrenewal. The school district asked the court to rule: (1) Michael Cronin failed to properly request a statutory hearing, (2) Sally McNair lacked authority to file a hearing request for Cronin, (3) even if McNair had authority, she failed to properly elect a remedy in her January 11, 2012 letter to the district, (4) McNair only requested a hearing on discharge and not on nonrenewal, (5) Cronin's second, third, and fourth causes of action should be dismissed as untimely or for failure to exhaust administrative remedies, and (6) school district Superintendent Ben Small held authority to issue a nonrenewal notice.

In support of its motion for summary judgment, the Central Valley School District filed a declaration from its attorney, Paul Clay, to which declaration Clay attached

12

No. 33062-1-III
*Cronin v. Central Valley Sch. Dist.*

examples of other statutory hearing requests and a Washington Education Association

guide for school employees. Clay declared:

> 3. . . . I have personally practiced in this area of law for some 25 years. I have had occasion to review numerous statutory hearing requests by employees in response to notices of discharge or nonrenewal under RCW 28A.405.210 and .300. To the best of my memory, and based on my personal knowledge, I have not seen a statutory hearing request under RCW 28A.405.210 or .300 by a union representative purporting to act for an employee.
> 4. Attached collectively as Exhibit A to this Declaration are several representative examples of the form of statutory hearing requests to which I refer, covering a time span of more than the last decade. The Court may take particular notice that in each of the requests, the employee requesting the hearing was then being represented by the very same law firm that represents plaintiff here.
> 5. Attached as Exhibit B to this Declaration is a Washington Education Association Office of General Counsel publication entitled "Reduction In Force Assistance Guide For School Employees." In my role as general counsel for school districts, I often obtain such publications. This WEA publication admits that employees themselves must file written requests for hearings. The publication includes a sample request for hearing letter, which provides for an employee's signature.

CP at 136-37. Michael Cronin moved to strike Paul Clay's declaration as inadmissible

evidence in violation of CR 56(e). Cronin maintained the declaration and attached

exhibits were irrelevant, lacked foundation, and constituted inadmissible hearsay and

opinion testimony.

The trial court granted partial summary judgment to Michael Cronin by ruling that

Sally McNair possessed authority to file a statutory appeal request. Nevertheless, the

court ruled that McNair's letter failed to elect a remedy between the statutory appeal and

13

the collective bargaining agreement grievance process. According to the court, Cronin did not make the election between the two processes until Sally McNair's February 8 e-mail message, in which she stated Cronin would not file a grievance. The February 8 election came too late for a statutory hearing, because the selection fell more than ten days after the discharge notice. Therefore, the trial court granted the school district's motion for summary judgment and dismissed Cronin's suit. In a written order, the court listed Paul Clay's November 14, 2014 declaration and attachments thereto as pleadings it considered. The trial court did not directly rule on Cronin's motion to strike Paul Clay's declaration.

## LAW AND ANALYSIS

On appeal, Michael Cronin assigns error to: (1) the trial court's grant of summary judgment to Central Valley School District on the ground that he failed to timely elect a remedy, and (2) the trial court's denial of his motion to strike Paul Clay's declaration. Cronin does not appeal the trial court's refusal to grant him summary judgment on any issue or claim. The school district cross appeals the trial court's ruling that Sally McNair held authority to file the demand for a statutory hearing on Cronin's behalf. In the argument of its brief, the school district also objects to this court's consideration of portions of a declaration filed on behalf of Michael Cronin.

### Paul Clay Declaration

Michael Cronin first assigns error to the trial court's consideration of the

November 14, 2014 declaration from Paul Clay, and exhibits attached thereto, when ruling on summary judgment. We follow the lead of many trial courts when asked to strike testimony in support of and in opposition to a summary judgment motion. We decline to resolve the assignment of error because its resolution does not impact our decision on the merits. Principles of judicial restraint dictate that if resolution of another issue effectively disposes of a case, we should resolve the case on that basis without reaching the first issue presented. *Wash. State Farm Bureau Fed'n v. Gregoire*, 162 Wn.2d 284, 307, 174 P.3d 1142 (2007); *Hayden v. Mut. of Enumclaw Ins. Co.*, 141 Wn.2d 55, 68, 1 P.3d 1167 (2000).

Cronin, Anderson, and McNair Declarations

In a footnote, Central Valley School District objects to purported hearsay submitted in declarations of Michael Cronin, Terri Anderson, and Sally McNair. In his declaration, Cronin stated that he asked his friend Terri Anderson to contact McNair and direct her to take whatever action McNair deemed necessary to preserve his job and to appeal his termination. Terri Anderson, in her declaration, testified that Cronin asked her to immediately contact McNair and direct her to take whatever steps she felt necessary and to appeal his termination from employment. Anderson further declared that she called McNair and repeated what Cronin told her, including that Cronin wished to appeal his discharge and take whatever steps were needed to represent him in preserving his job. In her declaration, McNair repeated Terri Anderson's out of court directions to her to

take whatever steps were necessary to represent Michael Cronin and preserve his job since he was not in a position to do so from the confines of Geiger Corrections Center.

On appeal, the Central Valley School District does not show that it objected to the trial court's use of the Sally McNair, Terri Anderson, and Michael Cronin declarations. A party may not generally raise a new argument on appeal that the party did not present to the trial court. RAP 2.5(a); *In re Det. of Ambers*, 160 Wn.2d 543, 557 n.6, 158 P.3d 1144 (2007). In its appeal brief, the school district did not assign error to the trial court's consideration of the three declarations. This court will not review a claimed error unless it is included in an assignment of error. RAP 10.3(a)(4); RAP 10.3(g); *BC Tire Corp. v. GTE Directories Corp.*, 46 Wn. App. 351, 355, 730 P.2d 726 (1986); *Vern Sims Ford, Inc. v. Hagel*, 42 Wn. App. 675, 683, 713 P.2d 736 (1986). A footnote does not suffice.

Moreover, the Central Valley School District misunderstands the application of the hearsay rule. "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." ER 801(c). A statement is not hearsay if it is used only to show the effect on the listener, without regard to the truth of the statement. *State v. Edwards*, 131 Wn. App. 611, 614, 128 P.3d 631 (2006). Although the statements of Michael Cronin, Sally McNair, and Terri Anderson indirectly prove that McNair had authority to act for Cronin, Cronin presented the declarations to show that the respective speakers uttered the statements, not for the truth inside the statements.

16

A principal's oral remarks are relevant to determining if another holds authority to act on his behalf. *Little v. Clark*, 592 S.W.2d 61, 64 (Tex. Civ. App. 1979). When an agent's authority comes from the principal's oral directions, the comments made outside the courtroom loom critical in the resolution of the dispute.

## Sally McNair's Authority

If this court invalidates Sally McNair's January 11, 2012 request on behalf of Michael Cronin, for a statutory appeal of his discharge, the school district wins. The school district seeks to annul the request on four grounds. First, Terri Anderson's forwarding of a message from Cronin to McNair granted no authority to McNair. This first argument examines the factual basis for Sally McNair's authority. Second, McNair lacked authority to sign the request because only Cronin could prepare and sign the appeal. This second argument questions McNair's legal authority. Third, McNair lacked authority to select which of two available procedures Cronin could utilize to enforce his rights, and therefore she could not select any procedural option. This third contention again probes the factual underpinning of McNair's authority. Fourth, regardless of McNair's authority to act on Cronin's behalf, because neither McNair nor Michael Cronin elected between the statutory appeal and the collective bargaining agreement grievance process until McNair's February 8, 2012 letter, Cronin did not timely select an appeal process. According to the fourth argument, McNair's reservation of Cronin's option to file a grievance nullified the request for the statutory appeal either immediately

17

or at least until Cronin announced his intention, in the February 8 letter, to forgo the grievance process. All four arguments overlap. We first address Sally McNair's authority.

Michael Cronin asserts that Sally McNair possessed authority on his behalf to demand the statutory appeal from his discharge, and thus her January 11 letter timely appealed his discharge. Cronin claims that McNair held actual authority by reason of her position as union representative and by reason of Terri Anderson, at his direction, informing McNair to perform whatever tasks were needed to preserve his rights to employment with the school district. Cronin also argues that McNair possessed apparent authority to demand the appeal. We agree with Cronin that McNair owned actual authority by reason of Cronin's directions to her. Therefore, we do not address whether McNair held authority by reason of her position with Cronin's teachers union or whether McNair acquired apparent authority.

Typically, a question of an agent's authority arises in the context of a third party seeking to bind the principal for the conduct of the agent and the principal seeking to avoid liability for the actions of the agent. In other words, the principal, not a third party, eschews authority. Nearly, if not all, Washington decisions address this context. The reverse situation surfaces in this appeal. The principal, Michael Cronin, seeks to show that Sally McNair could sign a statutory hearing request on his behalf. Apparent authority likely is relevant only when a third party seeks to impose liability on the

18

principal, not when the principal contends he granted an agent authority to act.

Agency is the relation that results from the act of one person, called the principal, who authorizes another, called the agent, to conduct one or more transactions with one or more third persons and to exercise a degree of discretion in effecting the purpose of the principal. *L. Byron Culver & Assocs. v. Jaoudi Indus. & Trading Corp.*, 1 Cal. App. 4th 300, 304, 1 Cal. Rptr. 2d 680 (1991). In an agency relationship, whatever an agent does in the lawful prosecution of the transaction the principal has entrusted to her is the act of the principal. 3 AM. JUR. 2D *Agency* § 2 (2016).

The undisputed facts establish that Michael Cronin deputized Sally McNair, his union representative, to speak with the school district and act on his behalf for all purposes in dealing with the school district. Cronin further authorized McNair to take any steps needed to demand a statutory hearing as a result of his discharge and nonrenewal of employment. The school district does not dispute that Cronin intended to authorize McNair to act on his behalf.

Central Valley School District minimizes Michael Cronin's grant of power for Sally McNair to act as a "cryptic hearsay statement" from a friend of his to take whatever steps McNair felt necessary to appeal the termination and preserve his job. Br. of Resp't at 28. The school district cites no law that precludes a bestowal of authority through an intermediary. The school district cites no case that requires legalese, let alone any specific language, be uttered in order to convey power to act on one's behalf. We decline

19

to adopt either suggested rules. Michael Cronin sat in jail and encountered difficulties in communicating with the school district and his union representative. He undertook the best steps he considered available to preserve his desired employment. Cronin reasonably chose as his agent his union representative, who the school district had already recognized as acting on his behalf.

The school district next argues that the law does not allow any agent to sign a teacher's request for a statutory hearing of an employment discharge. We disagree.

Any competent person may authorize an agent to act for him or her with the same effect as if such person were to act in person. 3 AM. JUR. 2D *Agency* § 9 (2016). When a duly constituted agent acts in accordance with his instructions, he has power to affect the legal relations of the principal to the same extent as if the principal had so acted. *Am. Home Assur. Co. v. Hapag Lloyd Container Linie, GmbH*, 446 F.3d 313, 318 (2d Cir. 2006); RESTATEMENT (SECOND) OF AGENCY § 12 cmt. a (1958). One may appoint an agent for any purpose whatsoever, and this is no less true when the agent assumes to exercise a statutory right than it is in other cases. *State ex rel. Hansen v. Schall*, 126 Conn. 536, 12 A.2d 767, 769 (1940). An exception lies when the express terms of the statute or necessary effect of the act requires the act to be performed by the person only who is named. *State ex rel. Hansen v. Schall*, 12 A.2d at 769-70.

In *State ex rel. Hansen v. Schall*, the relator Julius Hansen, a resident of West Haven, Connecticut, sought to compel the city clerk to permit his agent to review city

records. A statute demanded that the clerk open all city books, papers, and documents to the inspection of any inhabitant of the city. Hansen's agent was not a resident of West Haven. The city clerk denied access to the records to the designated agent. The Connecticut Supreme Court of Errors reversed. The court noted the general and prevailing view that a principal may perform any act through an agent. The statute opening city records to any inhabitant did not contain any language suggesting that the inspection could not be conducted through an agent, let alone a nonresident agent.

Michael Cronin sought an appeal of his discharge pursuant to RCW 28A.405.300. The statute provides, in pertinent portion:

> In the event it is determined that there is probable cause or causes for a teacher, principal, supervisor, superintendent, or other certificated employee, holding a position as such with the school district, hereinafter referred to as "employee", to be discharged or otherwise adversely affected in his or her contract status, such employee shall be notified in writing of that decision, which notification shall specify the probable cause or causes for such action. . . . Such notices shall be *served upon that employee personally*, or by certified or registered mail, or by leaving a copy of the notice at the house of his or her usual abode with some person of suitable age and discretion then resident therein. *Every such employee so notified, at his or her request made in writing* and filed with the president, chair of the board or secretary of the board of directors of the district within ten days after receiving such notice, shall be granted opportunity for a hearing pursuant to RCW 28A.405.310 to determine whether or not there is sufficient cause or causes for his or her discharge or other adverse action against his or her contract status.

RCW 28A.405.300 (emphasis added). Notice that the statute requires notice on the employee "personally" of the notice of discharge from the school district. The statute,

21

however, does not demand that the teacher "personally" prepare, sign, or file the demand for a hearing.

Central Valley School District emphasizes the language in the statute that reads: "Every such employee so notified, at *his or her* request" may file a demand for the statutory hearing. RCW 28A.405.300 (emphasis added). Nevertheless, use of the two pronouns says nothing about the employee being the only one authorized to prepare and sign the request for hearing. The language is consistent with the teacher permitting someone else to prepare and sign the request. The teacher may still deputize someone else to render "his or her" statutory hearing request.

The Central Valley School District next contends that Sally McNair lacked authority to choose between a statutory hearing and the grievance process under the collective bargaining agreement. From this contention, the school district extrapolates that McNair lacked the authority in the first place to request a statutory hearing. The school district highlights language from Sally McNair's January 11 letter, in which she sought to preserve Michael Cronin's option to enforce his employment rights through a grievance. In the second paragraph of her letter, McNair wrote:

> Due to the lack of access to Mr. Cronin, I will also be filing a grievance in order to preserve timelines to both procedures. It is clear the contract requires an election of remedies and it is not our intent to pursue both options, only to allow time to consult with Mr. Cronin so he can determine his desired path. We anticipate notifying the District on or before February 10th, 2012 as to Mr. Cronin's decision to pursue either the statutory hearing or the grievance. At that time, either this request or the

22

grievance will be withdrawn.

CP at 94.

The school district contends that Sally McNair, in her January 11 letter, conceded she lacked authority to select among the two alternatives of a statutory appeal or a union grievance. The school district reads into the paragraph what it wishes to perceive. McNair did not expressly declare that she lacked authority to exercise the choice. Michael Cronin's delegation of express authority to McNair was broad and afforded her the option to make the selection if she so chose, particularly if the failure to make a selection endangered his rights. Cronin granted McNair power to perform whatever steps were needed. Out of precaution, McNair preferred to allow Cronin to select the process to advocate his rights.

Assuming she lacked authority to choose between the two available procedures, we discern no reason why Sally McNair could not demand both processes until a later date. RCW 28A.405.300 does not render a timely appeal from a discharge of a teacher's employment null because the appeal notice might seek to temporarily preserve inconsistent rights. The language of the collective bargaining agreement commands a selection between either the statutory process or the grievance, but the agreement establishes no deadline for the selection. Nor does the agreement language address the ramifications of the employee initially requesting both. Lawsuits are full of requests by litigants for relief well beyond that to which they are entitled, but asking for excessive

23

relief does not prevent any relief. When a party is uncertain in which jurisdiction to file suit and a limitation period will shortly expire, the party may file the suit in two or more jurisdictions until a resolution of the jurisdictional question. Filing the suit in the wrong jurisdiction does not annul the validity of the suit in the correct jurisdiction.

The school district argues that it relied on Sally McNair's concession in her January 11 letter that she lacked power to render a selection between the competing procedures. We already addressed this contention by noting that McNair did not concede any absence of authority. Other facts also belie the school district's argument. In his declaration, Superintendent Ben Small testified that he decided to ignore the appeal request because the request came from Sally McNair, not from Michael Cronin. The declaration claims no reliance on any statement from McNair that she lacked authority to select the hearing process.

Central Valley School District relies on two California cases. In *Blanton v. Womancare, Inc*, 38 Cal.3d 396, 696 P.2d 645 (1985), the California Supreme Court held that an attorney, merely by virtue of his employment as counsel, lacks authority to bind his client to an agreement for arbitration. In *Kanbar v. O'Melveny & Meyers*, 849 F. Supp. 2d 902 (N.D. Cal. 2011), the federal court, following *Blanton*, held that the waiver of the right to a judicial forum is a decision that belongs to the client and not the client's attorney. Each case is readily distinguishable. The clients were not given an opportunity by counsel to make a decision. The principal, not a third party, challenged the agent's

24

authority. Michael Cronin bequeathed Sally McNair unlimited power to protect his employment rights. Cronin does not question McNair's authority on his behalf.

The Central Valley School District underscores a Washington Education Association guideline that directs the employee to personally sign any appeal from a discharge or nonrenewal. The school district also emphasizes other demands for a statutory hearing signed by the teacher, even when Michael Cronin's counsel represented the other teacher. Nevertheless, courts declare the law. We are not bound by an organization's guideline interpreting the law, even if the organization seeks to protect the interests of a party harmed by the organization's interpretation. Nor are we bound by an attorney's interpretation of the law. For all we know, Michael Cronin's counsel, in other appeals, may have, from caution, counseled his clients to personally sign the demand for an appeal for fear that a school district might assert the incorrect position that only the teacher may sign.

Effect of Additional Request for Bargaining Agreement Grievance

Once again, Central Valley School District contends Sally McNair's January 11, 2012 letter, regardless of McNair's authority to act for Michael Cronin, did not timely ask for the statutory appeal afforded by RCW 28A.405.300. According to the school district, the reservation of the option to seek a grievance nullified the request for the statutory hearing.

The collective bargaining agreement demanded that the employee select between

25

the two alternative procedures. The agreement read:

> . . . [I]n cases of nonrenewal, discharge, or actions which adversely affect the employee's contract status, the employee *shall select* the statutory procedures or the grievance procedure. In the event the employee serves notice to the Board that he/she is appealing the Board's decision according to the statutory provisions, such cases shall be specifically *exempted* from the grievance procedure.

CP at 5 (emphasis added).

We repeat our earlier analysis. The language of the agreement does not nullify the request for the statutory procedure if the employee also temporarily seeks the grievance procedure, even if the final selection is not within ten days of the discharge. If anything, the language precludes the grievance procedure if the employee first gives notice of selecting the statutory procedure.

We construe collective bargaining agreements according to principles of contract law. *Spokane Sch. Dist. No. 81 v. Spokane Educ. Ass'n*, 182 Wn. App. 291, 305, 331 P.3d 60 (2014). One such well-established principle is that language in a contract is given its ordinary meaning unless sufficient reason exists to apply another meaning. *Patterson v. Bixby*, 58 Wn.2d 454, 458, 364 P.2d 10 (1961). An interpretation that gives a reasonable, fair, just and effective meaning to all manifestations of intention is preferred to an interpretation that leaves a part of such manifestations unreasonable, imprudent or meaningless. *Pub. Util. Dist. No. 1 of Lewis County v. Wash. Pub. Power Supply Sys.*, 104 Wn.2d 353, 373, 705 P.2d 1195, 713 P.2d 1109 (1985). This court will

26

not interpret contractual provisions in a manner that would render contractual obligations illusory. *Spokane Sch. Dist. No. 81*, 182 Wn. App. at 305-06; *Taylor v. Shigaki*, 84 Wn. App. 723, 730, 930 P.2d 340 (1997).

The bargaining agreement reads that if an employee requests a statutory hearing, his case is "exempted from the grievance procedure." "Exempt" means "[f]ree or released from a duty or liability to which others are held." BLACK'S LAW DICTIONARY 692 (10th ed. 2014). The agreement logically means that if an employee requests a statutory hearing, his case is released from the duties and liabilities contained within the bargaining agreement's grievance procedure.

Both parties rely on *Oak Harbor Educucation Association v. Oak Harbor School District*, 162 Wn. App. 254, 259 P.3d 274 (2011) to support their positions. In *Oak Harbor*, this court addressed a different issue on nearly identical facts. The Oak Harbor School District sent James Pruss a notice of probable cause for discharge after a student accused Pruss of touching her inappropriately during basketball drills. Pruss requested a statutory hearing and filed a grievance in accordance with the terms of the collective bargaining agreement governing his employment. Pruss later withdrew the request for a statutory appeal and sought to proceed with the grievance alone. The school district refused to participate in the grievance on the ground that Pruss's election of the statutory hearing prevented him from filing a grievance. Pruss and the union sued to compel the school district to submit the question to the grievance arbitrator of whether Pruss's

27

grievance was grievable. The trial court granted the school district's motion for summary judgment and dismissed the union's suit on the ground that Pruss had already committed to the statutory procedure.

In *Oak Harbor Education Association v. Oak Harbor School District*, this court reversed and held that the school district must submit to the grievance arbitrator's decision as to whether James Pruss could grieve his employment termination. This court noted the broad language in the collective bargaining agreement that required that the grievance arbitrator determine what claims were grievable. This court issued no ruling on what, if any, procedure should be employed by the parties, but deferred this ruling to the arbitrator.

If *Oak Harbor Education Association* assists any party to this appeal, the party is Michael Cronin. The court did not rule that an initial request for both a statutory hearing and a bargaining agreement grievance quashes the availability of the statutory hearing or denies the teacher the right to later select the preferable procedure. In a footnote, this court observed:

> The District also asserts that because compliance with the statutory requirements under RCW 28A.405.300 and .310 is mandatory, Pruss's decision to withdraw his request for a statutory hearing resulted in termination. Because the trial court did not address this argument below, we decline to do so. Nonetheless, neither the language of the statute nor the [collective bargaining agreement (CBA)] supports the District's contention that withdrawal of the request to proceed with the statutory appeal has any effect on the grievance process, and case law allows Pruss to challenge his termination under both the statute and the CBA.

28

*Oak Harbor Educ. Ass'n*, 162 Wn. App. at 262 n.4 (internal citation omitted). The dicta

supports a ruling that Michael Cronin could proceed with both procedures, or, at the least,

the withdrawal of the request for a grievance does not interfere with the request for a

statutory hearing.

Michael Cronin asserts estoppel and other equitable principles for the purpose of

precluding Central Valley School District from avoiding the statutory hearing process.

Cronin also characterizes the collective bargaining agreement as imposing an "election of

remedies." In turn, Cronin argues that the doctrine of election of remedies only requires

the election to be made immediately before or upon entry of a judgment. We question

the application of the election of remedies doctrine in this context. The bargaining

agreement instructed the employee to select between two processes, not remedies. The

collective bargaining agreement directed the employee to choose between the forum or

hearing process, whose end result would be the award of remedies. Because we resolve

the appeal on other grounds, we do not address Cronin's contentions based on equity,

estoppel, or election of remedies.

Central Valley School District argues that Michael Cronin and Sally McNair

caused it prejudice by the attempt by McNair to reserve both the grievance procedure and

the statutory hearing procedure. The school district contends that it needs to know

whether to pay the employee beyond the ten-day deadline for the statutory hearing and

whether it should hire a substitute or regular employee and that reserving the grievance procedure interferes with this need. The school district also mentions the prejudice of facing two costly procedures. Of course, Michael Cronin never intended to use both procedures and the school district has not engaged in two costly procedures. Instead, because of the legal positions taken, the school district has incurred significant costs in attempting to deny Michael Cronin his right to the statutory hearing procedure. The school district has not identified any additional costs incurred during the purported twenty-day waiting period.

Central Valley School District also mentions that the statutory hearing procedure was intended to be an expedited process since the employee continues to receive pay during the process. The school district complains that the employee delays the process at least twenty days if the district must wait to learn if the employee selects the grievance procedure instead. In so arguing, the school district does not recognize that it could have taken the position that Cronin had elected the statutory hearing procedure, despite an attempt to reserve the right to exercise the grievance procedure, and the district could have timely appointed a hearing official. The school district would then have positioned itself to claim prejudice. Instead, the district took the uncategorical position that the notice was void, because of the lack of Michael Cronin's signature, regardless of the attempt to reserve, for twenty days, the grievance hearing. The school district also ignores its ability to have contacted either Sally McNair or Michael Cronin in the

meantime to insist on proceeding with the statutory hearing. Sally McNair and Michael Cronin heard only crickets.

### Relief for Michael Cronin

Under the undisputed facts, Michael Cronin timely exercised his right to a statutory appeal under RCW 28A.405.300. When the facts are not in dispute, this court may grant summary judgment to the nonmoving party. *Impecoven v. Dep't of Revenue*, 120 Wn.2d 357, 365, 841 P.2d 752 (1992); *Leland v. Frogge*, 71 Wn.2d 197, 201, 427 P.2d 724 (1967); *Wash. Ass'n of Child Care Agencies v. Thompson*, 34 Wn. App. 225, 234, 660 P.2d 1124 (1983). If we may grant the nonmoving party summary judgment, we should be free to grant judgment to a party who moved for summary judgment below, but who does not appeal the denial of the summary judgment before this court. We grant Michael Cronin's request for declaratory relief to the extent the request demands that the school district participate in the statutory hearing process to resolve the merits of Cronin's discharge from employment and nonrenewal of his teaching contract.

In his summary judgment motion, Michael Cronin argued that the law entitles him to pay and benefits pending and regardless of the outcome of the statutory hearing since he exercised his right to appeal. Cronin may be correct. The trial court did not address this contention because it ruled the request for the hearing void. The parties do not brief this issue on appeal. On remand, Michael Cronin may renew his request before the superior court for pay and benefits pending the hearing on the merits of his discharge and

31

No. 33062-1-III
*Cronin v. Central Valley Sch. Dist.*

nonrenewal.

## CONCLUSION

We reverse the trial court's grant of summary judgment to Central Valley School District and the trial court's dismissal of Michael Cronin's suit. We grant Michael Cronin judgment and remand to the trial court for entry of an order compelling the school district to participate in the statutory hearing process to determine the merits of Cronin's discharge from employment and nonrenewal of his contract.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, C.J.

WE CONCUR:

_____         _____
Siddoway, J.                            Lawrence-Berrey, J.

32