# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| TAMARA T. ROBERSON, | No. 55294-9-II |
| Appellant, | |
| v. | |
| CLOVER PARK TECHNICAL COLLEGE, | UNPUBLISHED OPINION |
| Respondent. | |

WORSWICK, J. — Tamara Roberson appeals the trial court's order dismissing her lawsuit against Clover Park Technical College (Clover Park) for failure to state a claim for which relief may be granted. She argues that Clover Park violated her rights under the collective bargaining agreement (CBA) by (1) terminating her employment. She also argues Clover Park (2) violated RCW 49.44.170 by misclassifying her employment, (3) violated RCW 41.56.080 and RCW 41.56.140 by restraining her ability to file a grievance, (4) violated her right to hold employment under RCW 49.60.030(1)(a), and (5) violated her reversion rights under RCW 41.06.070(5)(a).

Because Roberson's complaint contained no claim for which the trial court could grant relief, we affirm the trial court's order.

## FACTS

Roberson was employed at Tacoma Community College (TCC) as a Program Assistant. Her position was covered by the civil service laws,[1] and she was a unionized employee

---

[1] Ch. 41.06 RCW.

represented by the Washington Federation of State Employees Higher Education Community College Coalition. She resigned on August 30, 2018. Roberson then started her employment as an Assessment and Outcomes Specialist at Clover Park on September 4. When she started her new job, Roberson transferred sick leave, vacation leave, and other personal leave from TCC to Clover Park.

Roberson's position at Clover Park was a non-civil service covered position. Instead, her new position was covered by a CBA between Clover Park and the Clover Park Federation of Classified Employees Local 4789. The CBA provided that Roberson was to serve a six-month probationary period at Clover Park during which time Clover Park was allowed to terminate Roberson at its discretion and without cause. Clover Park terminated Roberson on October 23, before the end of her probationary period, citing performance issues.

Roberson asked TCC to allow her to revert back to her previous, civil service-covered position on February 13, 2019. TCC denied Roberson's request. Roberson appealed TCC's decision to the Personnel Resources Board (PRB), a state agency responsible for adjudicating appeals filed by civil service employees. RCW 41.06.110. The PRB dismissed the appeal for lack of jurisdiction. It reasoned that because Roberson had quit her civil service job at TCC, she was ineligible for reversion under the civil service rules. Roberson appealed the PRB's decision to Pierce County Superior Court, which granted a motion to dismiss for failure to state a claim upon which relief may be granted. Roberson did not appeal this denial of her reversion.

Roberson also filed a complaint with the Public Employment Relations Commission (PERC) in November 2018, claiming that Clover Park committed unfair labor practices when it failed to allow her to file a grievance concerning her dismissal. PERC dismissed Roberson's

claim noting that "the amended complaint lacks necessary facts to state causes of action." Br. of Resp't (Appendix C) (PERC Decision at 1). Roberson did not appeal the PERC's decision.

Roberson then filed this lawsuit in superior court against Clover Park, alleging that Clover Park violated RCW 41.56.080 (allowing grievances), RCW 49.60.030(1)(a) (prohibiting discrimination), RCW 49.44.085 (prohibiting contracts waiving rights), and the CBA. Clover Park moved for dismissal under CR 12(b)(6), and the trial court granted the motion. Roberson appeals the trial court's order dismissing her lawsuit against Clover Park.

## ANALYSIS

We review 12(b)(6) dismissals de novo. *Wash. Trucking Ass'ns v. State Emp. Sec. Dep't*, 188 Wn.2d 198, 207, 393 P.3d 761 (2017). A motion to dismiss is appropriate when it appears beyond a reasonable doubt that the plaintiff cannot prove a set of facts, consistent with the complaint that would entitle her to relief. *Kinney v. Cook*, 159 Wn.2d 837, 842, 154 P.3d 206 (2007). When evaluating a motion to dismiss, we presume that all facts alleged in the plaintiff's complaint are true. *Kinney,* 159 Wn.2d at 842.

### II. Roberson's Termination and Employment Classification

Roberson argues that Clover Park misclassified her employment status, violated her right under Article 14 of the CBA by terminating her prior to taking any disciplinary action against her, and restrained her right to file a grievance under RCW 41.56.140. We disagree.

A.      *Classification of Roberson's Employment*

Roberson argues Clover Park violated RCW 49.44.170 by classifying her as a new employee, instead of an existing, transferred employee. We disagree.

1. *Roberson Was a New Employee of Clover Park*

Throughout Roberson's brief, she conflates the rights of civil service employees and non-civil service employees. She fails to recognize that after she terminated her employment with TCC and began employment with Clover Park, she was no longer covered by civil service rules. We analyze Roberson's arguments under the undisputed fact that as a Clover Park employee, Roberson was exempt from the civil service laws. RCW 41.06.070(c).

Under the CBA, new employees were given less protections than existing or transferred employees. For example, a new employee was subject to a six-month probationary period, during which Clover Park was authorized to terminate the new employee "at its discretion, with or without cause, and regardless of any evaluation or lack of evaluation, at any time during the probationary period." Clerk's Papers at 24. The CBA does not define new or existing employee.

Roberson was a TCC employee until she resigned on August 30. She then began her new position with Clover Park on September 4. Because Roberson was not previously employed at Clover Park, she was a new employee, governed by a CBA unique to Clover Park employees.

Roberson's assertions that she "transferred" to Clover Park are incorrect. TCC is a community college to which the civil service rules apply. RCW 41.06.040(2). These rules do not apply to Clover Park. RCW 41.06.070(c). The position Roberson held at TCC was a different position from the one she acquired at Clover Park.

Roberson argues that because she transferred personnel rights such as sick leave accumulations from TCC to Clover Park, she was an existing employee. We disagree.

Transfer of sick leave and other leave is mandatory under 28B.50.551(5). "Accumulated leave for illness, injury, bereavement and emergencies **shall** be transferred from one college

4

district to another or between a college district and the following: Any state agency, any educational service district, any school district, or any other institution of higher education as defined in RCW 28B.10.016." RCW 28B.50.551(5) (emphasis added). "Institutions of higher education" means "the state universities, the regional universities, The Evergreen State College, the community colleges, and the technical colleges." RCW 28B.10.016 (4).

Clover Park is a technical college and TCC is a community college, thus both are subject to RCW 28B.50.551. RCW 28B.50.551 required Clover Park to transfer much of Roberson's accumulated leave; this is not proof that Roberson was an existing employee. Moreover, the statute does not provide that a transfer of personnel rights amount to a transfer of employment. Therefore, Roberson's argument fails.

Roberson also cites RCW 49.44.170(2)(c) and WAC 357-43-001 to support her argument that she was not a "new state employee," but rather an existing, transferred employee. Br. of Appellant at 4, 6. Neither provision is helpful in resolving the issue—RCW 49.44.170(2)(c) defines "public employers" and WAC 357-43-001 lists the definitions that apply to the chapter on civil service rules. The fact that both Clover Park and TCC are public employers is not germane to the issue of whether Roberson is a new employee under the CBA, thus this argument fails.

Moreover, even assuming that Roberson was not a new employee or that an ambiguity exists in the CBA's language, the CBA clearly requires that this issue be submitted to arbitration. RCW 41.56.122. *Yakima County Law Enf't Officers Guild v. Yakima County*, 133 Wn. App. 281, 285, 135 P.3d 558 (2006). Where a CBA requires arbitration, the superior courts lack jurisdiction to resolve the issue. *Oak Harbor Educ. Ass'n v. Oak Harbor Sch. Dist.*, 162 Wn.

App. 254, 265, 259 P.3d 274 (2011). Therefore, even if Roberson pleaded sufficient facts, neither the trial court nor this court would have jurisdiction to grant her requested relief.

The facts as described in Roberson's complaint show that she was a new Clover Park employee, but even if she were not, the CBA required her arguments to be submitted to an arbitrator. Either way, Roberson's complaint failed to state facts upon which relief may be granted.

### 2. *Clover Park Did Not Violate RCW 49.44.170*

Roberson argues that Clover Park violated her right under RCW 49.44.170 by misclassifying her employment "to avoid providing or continuing to provide employment-based benefits." Br. of Appellant at 6. We disagree.

RCW 49.44.170(a)(1) prohibits any public employer from misclassifying "any employee to avoid providing or continuing to provide employment-based benefits." "'Public employer' means: (i) Any unit of local government including, but not limited to, a county, city, town, municipal corporation, quasi-municipal corporation, or political subdivision; and (ii) the state, state institutions, and state agencies." RCW 49.44.170(c). And, "'misclassification' means to incorrectly classify or label a long-term public employee as 'temporary,' 'leased,' 'contract,' 'seasonal,' 'intermittent,' or 'part-time,' or to use a similar label that does not objectively describe the employee's actual work circumstances." RCW 49.44.170(d). The legislature intended to prevent public employers from wrongfully depriving employees from employment-based benefits based on their classification. RCW 49.44.170.

Because Clover Park is a state institution, RCW 49.44.170 applies. Clover Park's CBA treats new and existing employees differently in three ways: the length of the probationary

period, the availability of a grievance during the probationary period, and the availability of reversion during the probationary period. None of the differences between new and existing employees relate to employment-based benefits.

However, Clover Park did not misclassify Roberson under the plain language of RCW 49.44.170. Clover Park did not classify Roberson as "temporary," "leased," "contract," "seasonal," "intermittent," or "part-time" or another similar label that referred to her actual work circumstances. RCW 49.44.170 (d). It classified her as a new employee. Moreover, the distinction between new and existing employees is unrelated to benefits. Rather, it concerns protections during a probationary period. Therefore, Roberson's argument fails.

In sum, Roberson fails to allege facts that, even if taken as true, would entitle her to relief. The trial court did not err in finding that the alleged facts are insufficient to grant relief.

B.      *Roberson's Termination*

Roberson argues that Clover Park was required by Article 14.1 of the CBA to pursue disciplinary action against her before terminating her. We do not address this argument because the CBA requires this issue to be submitted to arbitration. *Oak Harbor Educ. Ass'n*, 162 Wn. App. at 265.

C.      *Filing Grievance*

Roberson argues that Clover Park restrained her ability to file a grievance regarding her termination as granted to her by Chapter 41.56 RCW. We do not address this issue.

Roberson made this claim in her PERC complaint, and the PERC denied the claim for lack of factual basis on January 2019. The Administrative Procedure Act provides that a petition for judicial review of an order "shall be filed with the court and served on the agency, the office

of the attorney general, and all parties of record within thirty days after service of the final

order." RCW 34.05.542(2). Because Roberson did not file an appeal within 30 days of the

PERC's order, she cannot now raise the issue on appeal. Therefore, we do not address this issue.

D.      *Roberson's Right to Hold Employment*

Roberson argues that Clover Park violated her "civil right to hold employment." Br. of

Appellant at 7. We do not address this argument.

RCW 49.60.030 provides for

(1) The right to be free from discrimination because of race, creed, color, national origin, citizenship or immigration status, sex, honorably discharged veteran or military status, sexual orientation, or the presence of any sensory, mental, or physical disability or the use of a trained dog guide or service animal by a person with a disability is recognized as and declared to be a civil right. This right shall include, but not be limited to:

(a) The right to obtain and hold employment without discrimination.

Roberson does not sufficiently argue this issue in her brief. Assignments of error not

argued in the brief as abandoned on appeal. *Blue Spirits Distilling, LLC v. Wash. State Liquor &*

*Cannabis Bd*., 15 Wn. App. 2d 779, 794, 478 P.3d 153 (2020). Although this court may liberally

construe a pro se litigant's brief, a pro se litigant must follow the rules established by this court

for an orderly appeal process. *Holder v. City of Vancouver*, 136 Wn. App. 104, 106, 147 P.3d

641 (2006). It is unclear why Roberson believes she was discriminated against and on what

basis she alleges that Clover Park discriminated against her. Therefore, we do not address this

argument.

## III. REVERSION TO TCC

Roberson argues that Clover Park violated her rights under the CBA and Chapter 41.06

RCW by not requesting or initiating her reversion to TCC. We do not address this argument.

When a party fails to raise an issue below, she is precluded from raising the issue for the first time on appeal. RAP 2.5(a); *Lunsford v. Saberhagen Holdings, Inc*., 139 Wn. App. 338, 160 P.3d 1089 (2007), *aff'd*, 166 Wn.2d 264, 208 P.3d 1092 (2009). We need not consider on appeal a theory that the trial court "had no effective opportunity to consider and rule upon at trial." *Commercial Credit Corp. v. Wollgast*, 11 Wash. App. 117, 126, 521 P.2d 1191 (1974).

Roberson did not include facts to support this claim in her complaint not did she make the claim for relief in the trial court and is raising it for the first time on appeal. Therefore, she failed to properly preserve the issue on appeal. Accordingly, we decline review of this issue.

## ATTORNEY FEES

Although she is a self-represented litigant, Roberson requests attorney fees. A party requesting fees under RAP 18.1 must provide argument and citation to authority to advise the court of the appropriate grounds for an award of attorney fees as costs. *Stiles v. Kearney*, 168 Wn. App. 250, 267, 277 P.3d 9 (2012). She does not cite to authority entitling her to such an award. Therefore, we deny Roberson's request for attorney fees.

## CONCLUSION

We do not consider many of Roberson's arguments because the CBA requires arbitration, preventing this court from asserting jurisdiction. We hold that Roberson can prove no set of facts that she was not a new employee, or that the civil service statutes apply to this case. She fails to adequately argue a civil rights claim. We do not address her argument that Clover Park restrained her ability to file a grievance because Roberson failed to follow the process for judicial review as mandated by the Administrative Procedure Act. Lastly, we cannot address Roberson's right to reversion because she did not appeal a prior superior court order.

9

No. 55294-9-II

We hold the trial court did not err when it granted Clover Park's motion to dismiss based on failure to state a claim. Consequently, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Cruser, J.

Veljacic, J.